```
                  IN THE UNITED STATES DISTRICT COURT
                 FOR THE WESTERN DISTRICT OF TENNESSEE
                             WESTERN DIVISION
```

```
UNITED STATES OF AMERICA upon    )
the relation and for the use     )
of the TENNESSEE VALLEY          )
AUTHORITY,                       )
                                 )
     Plaintiff,                  )
                                 )
vs.                              )    Civil No. 12-2845-STA/tmp
                                 )
1.31 ACRES OF LAND, More or      )
Less, in Lauderdale County,      )
Tennessee, et al.,               )
                                 )
     Defendants.                 )
                                 )
```

**REPORT AND RECOMMENDATION**

On September 26, 2012, plaintiff the Tennessee Valley Authority ("TVA") filed its complaint for the taking of property under the power of eminent domain and for the ascertainment and award of just compensation to the owners and parties in interest. Thereafter, the TVA tendered the amount of $4,100.00 for deposit with the court as the sum estimated to be just and liberal compensation for the land acquired by means of condemnation. On October 15 and 16, 2012, the TVA filed certificates of service for each named defendant, showing that the TVA had served each defendant with notice of the action as required by Fed. R. Civ. P.

71.1(d).[1] The TVA filed its motion for entry of an order of possession on October 16, 2012. Pursuant to Fed. R. Civ. P. 71.1(e)(2), a defendant in an action to condemn real property who has a defense or objection to the taking must serve an answer within 21 days after being served with notice. No named defendant filed an answer within the time permitted. As a result, the court granted the TVA's motion for entry of an order of possession on November 8, 2012.

On February 12, 2013, the District Judge referred to the Magistrate Judge for a report and recommendation the issue of what further proceedings are necessary to bring this matter to a conclusion, including but not limited to a trial on the issue of just compensation, the rights and interests of the named defendants, and the distribution of the TVA's deposit. On February 28, 2013, the undersigned Magistrate Judge conducted a status conference. Present were attorneys Elizabeth A. Birdwell and Thomas A. Robins for the TVA (via telephone), and Gary A. Vanasek for the Internal Revenue Service. At the conference, all counsel agreed that the proper procedure at this time would be to set a deadline for the TVA to file a motion for summary judgment, and to separately file a motion regarding the proper disbursement of funds. The TVA stated that it intended to support its summary

---

[1] In accordance with the court's ECF Policies and Procedures, the TVA redacted personal information, including the mailing addresses.

judgment motion with an affidavit from an appraiser. See Midwestern Gas Transmission Co. v. 2.23 Acres in Trousdale Cty., No. 3:06-0253, 2009 WL 3048387 (M.D. Tenn. Sept. 17, 2009) (granting summary judgment where plaintiff filed affidavit of real estate appraiser that established just compensation for the property taken as $13,500). After the defendants are served and given the opportunity to respond, the court could then decide the issues of just compensation and fund disbursement based on the parties' briefs. The parties agreed that the TVA should file its motions by April 1, 2013.

Therefore, it is recommended that the court (1) enter an order setting a deadline of April 1, 2013, for the TVA to file its motion for summary judgment and motion regarding the proper disbursement of funds, and notifying all parties that pursuant to Local Rule 56.1(b), they have 28 days after the motions are served to file a written response to the motions; and (2) because the court does not have the addresses for the defendants (other than the IRS, which is the only defendant that has appeared in the case), and to ensure that the defendants are notified of the briefing schedule, order the TVA to serve the defendants with a copy of the court's order setting the briefing schedule.

Respectfully submitted,

<u>s/ Tu M. Pham</u>
TU M. PHAM
United States Magistrate Judge

<u>February 28, 2013</u>
Date

**NOTICE**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**