# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, upon the relative and for the use of the TENNESSEE VALLEY AUTHORITY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 12-2845-STA-tmp |
| 1.31 ACRES OF LAND, MORE OR LESS, IN LAUDERDALE COUNTY, TENNESSEE, et al., | ) ) ) ) | |
| Defendants. | ) | |

# ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the Court is the Tennessee Valley Authority ("TVA")'s Motion for Summary Judgment (D.E. # 24) filed on March 29, 2013. In response to TVA's Rule 56 Motion, claimant Internal Revenue Service ("IRS") has filed an application for distribution of the condemnation proceeds (D.E. # 27), claimant Bank of Ripley has filed an answer to the complaint (D.E. # 28), and claimant the Tennessee Department of Revenue has filed a request for a distribution order (D.E. # 31). For the reasons set forth below, TVA's Motion for Summary Judgment is **GRANTED**.

## BACKGROUND

The following material facts are undisputed for purposes of summary judgment. On September 26, 2012, pursuant to the Declaration of Taking Act, 40 U.S.C. §§ 3114-3118 (2006) and the Tennessee Valley Authority Act of 1933, *as amended*, 16 U.S.C. §§ 831-831ee (2006 & Supp.

1

V 2011), Plaintiff filed this action for the acquisition in fee of 1.31+/- acres of land (subject property and/or 1.31 acres) located in Lauderdale County, Tennessee. (Pl.'s Statement of Undisputed Fact ¶ 1.) The 1.31 acres is located east and within the city limits of Ripley, Tennessee, south of George Brown Road, and east of Pine Street (a non-public road). (*Id.* ¶ 2.) The 1.31 acres has a sloping/rolling topography, was vacant and overgrown at the time of the filing of the complaint on September 26, 2012, and adjoins a TVA substation (comprising 4.2+/- acres) located to the south. (*Id.* ¶ 3.)

Prior to the filing of this condemnation action, Ivan J. Antal, II, a Tennessee certified general real property appraiser and program manager for electric system projects land transactions, in TVA's realty, GIS, and land records organization, performed a review of the appraisal reports which had been prepared and submitted as part of TVA's determination of the just and liberal compensation required for acquisition of the 1.31 acres at issue. (*Id.* ¶ 4.) Mr. Antal's review included a summary appraisal report prepared by a TVA employee (also a Tennessee certified general real property appraiser) and two restricted use appraisal reports prepared by non-TVA Tennessee certified general real property appraisers. (*Id.*) Based on Mr. Antal's review of these appraisals, as well as a further review by the senior manager for the division, TVA determined the value of the 1.31 acres to be $4,100. (*Id.*) At the time of the filing of this action, TVA tendered $4,100 to the Clerk of Court as its determination of the just and liberal compensation for the 1.31 acres being acquired. (*Id.* ¶ 5.) Upon motion by Plaintiff and order of the Court, the sum was deposited in an interest-bearing account. (*Id.*)

After the commencement of this action, Mark Johnstone, a Tennessee certified general real property appraiser and member of the Appraisal Institute, performed an independent appraisal of the

subject property. (*Id.* ¶ 6.) Mr. Johnstone physically inspected the subject property, determined the highest and best uses of the subject property, and located and analyzed comparable sales. (*Id.*) Without hypothetical conditions, Mr. Johnstone appraised the value of the 1.31 acres at $2,500. (*Id.*) Based on the hypothetical conditions that the 1.31 acres was not landlocked and certain deed restrictions regarding land use did not apply, Mr. Johnston valued the acquisition at $5,000. (*Id.*)

In the complaint, Plaintiff named as Defendants those persons who and/or entities which have or may claim an interest in the just compensation awarded for acquisition of the 1.31 acres. (*Id.* ¶ 7(a).) The 1.31 acres was part of a larger 33+/- acre tract owned by Defendants Anita Sue Williams, David A. Williams, and Guilford Jerome Williams, III. (*Id.*) The following parties have or claim some interest in the subject property:

(a) Defendants Jerome Williams & Sons, Inc., and Sandra Williams Bailey may have and/or claim an interest in the 1.31 acres. (*Id.*)

(b) Defendant Bank of Ripley may claim encumbrances and/or liens on the subject property by virtue of Deeds of Trust executed by Jerome Williams & Sons, Inc.; Guilford Jerome Williams, III; Anita Sue Williams; David A. Williams; and others, and recorded with the Register of Lauderdale County, Tennessee, on May 12, 2005, at Record Book 530, pages 97-111 (loan amount of $366,030.54) and Record Book 530, pages 112-126 (loan amount of $125,476.99). (*Id.* ¶ 7(b).)

(c) Defendant State of Tennessee, Tennessee Department of Labor and Workforce Development, may claim a lien on the subject property by virtue of a Notice of Tax Lien (Account No. 0531-373 7— Lien No. 08-5079 in the amount of $11,181.47) against Jerome Williams & Sons, Inc., and recorded on November 24, 2008, with the Register in Lien Book 15, page 265. (*Id.* ¶ 7(c).)

(d) Defendant State of Tennessee, Tennessee Department of Revenue, may claim a lien by virtue of a Notice of State Tax Lien (Entity Id. 001 62-0860970/000 —amount not specified) against Jerome Williams & Sons, Inc., and recorded on May 21, 2010, with the Register in Lien Book 16, page 371. (*Id.* ¶ 7(d).)

(e) Defendant United States of America, Department of the Treasury, IRS, may claim a lien by virtue of a Notice of Federal Tax Lien (Serial No. 671862310 in the amount

of $12,933.88) against Jerome Williams & Sons, Inc., and recorded on June 25, 2010, with the Register in Lien Book 16, page 418. (*Id.* ¶ 7(e).)

(f) Defendant Bank of Ripley may claim a lien on said property by virtue of a Deed of Trust and an Assignment of Rents executed by Jerome Williams & Sons, Inc., David Williams, Anita Sue Williams, Guilford Williams, and others, and recorded on May 25, 2012, with the Register at Record Book 637, pages 467-485 (Deed of Trust with a loan amount of $52,000) and pages 486-503 (Assignment of Rents). (*Id.* ¶ 7(f).)

In its Motion for Summary Judgment, Plaintiff seeks judgment as a matter of law that just compensation for the fee acquisition of the 1.31+/- acres is $5,000. Plaintiff argues that it is proper for the Court to determine the question of just compensation under Rule 71(h) of the Federal Rules of Civil Procedure. The IRA was the only Defendant to file an answer, and the IRS has not demanded a jury trial. As such, the Court can fix the amount of just compensation as a matter of law. Based on the undisputed evidence, Plaintiff argues that the sum of $5,000 is just compensation for the taking. Plaintiff has adduced a report from a certified general property appraiser concluding that the highest possible value for the property at issue is $5,000. Plaintiff contends that in the absence of any evidence to dispute this appraisal, summary judgment on the issue of just compensation in the amount of $5,000 is warranted.

Plaintiff further argues that it is proper for the Court to determine to whom distribution of the proceeds should be made. Plaintiff requests the entry of a distribution order which (1) requires any Defendant claiming an interest in the just compensation awarded to submit proof by a date certain of the specific interest claimed thereto (including the basis, amount, and priority thereof), and (2) provides that Plaintiff personally serve said order upon non-ECF participating Defendants. Pursuant to 40 U.S.C. § 3114(d), the Court has the authority to decide which claimants are entitled to what amount from the proceeds. Plaintiff argues that while the interests of each claimant in the

subject property are clear, the amount of the encumbrances and liens are not.  For example, the Bank of Ripley's 2005 trust deeds have a face value of more than $360,000, and are secured by eight different tracts of land (some with exclusions) totaling at least 123 acres.  The 1.31 acres at issue comprise a relatively small amount of the overall property securing the deed of trust.  According to TVA, the Court will need to determine the priority of the claims on the just compensation proceeds.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56(a) provides that a party is entitled to summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1]  In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party,[2] and the "judge may not make credibility determinations or weigh the evidence."[3]  When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[4]  It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."[5]  These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled

---

[1] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

[2] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[3] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

[4] *Celotex*, 477 U.S. at 324.

[5] *Matsushita*, 475 U.S. at 586.

to a verdict.[6] In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [her] asserted causes of action."[7]

When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-side that one party must prevail as a matter of law."[8] Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[9]

## **ANALYSIS**

Based on the undisputed evidence before the Court, Plaintiff is entitled to judgment as a matter of law on the issue of just compensation. The term "just compensation" for a fee acquisition means the fair market value of the subject property just before the acquisition.[10] A party claiming an interest in the condemned property has the burden to establish the value of the property.[11] Rule 71.1(e) of the Federal Rules of Civil Procedure permits a defendant to present evidence on the amount of compensation to be paid, even if the defendant has not previously appeared or answered

---

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[7] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[8] *Anderson*, 477 U.S. at 251-52.

[9] *Celotex*, 477 U.S. at 322.

[10] *United States v. Dow*, 357 U.S. 17, 23 (1958); *Olson v. United States*, 292 U.S. 246, 255-56 (1934).

[11] *United States ex rel. Powelson*, 319 U.S. 266, 273 (1943); *Welch v. TVA*, 108 F.2d 95, 101 (6th Cir. 1939); *United States ex rel. TVA v. Hughes*, 251 F. Supp. 930, 933 (W.D. Tenn. 1966).

the complaint.[12] Moreover, Rule 71.1(h) provides that "[i]n an action involving eminent domain under federal law, the court tries all issues, including compensation."[13] As such, other courts have held that summary judgment is the proper procedure to determine the issue of just compensation.[14] A moving party is entitled to judgment as a matter of law on the issue of just compensation where the moving party presents an appraisal by a credentialed property appraiser and the non-moving parties do not contest it.[15]

Plaintiff has come forward with evidence that the market value of the 1.31 acres at issue is $5,000. According to a report prepared by certified general property appraiser Mark G. Johnstone, the property at its highest possible value is worth $5,000, assuming certain hypothetical conditions.[16]

---

[12] Fed. R. Civ. P. 71.1(e)(3).

[13] Fed. R. Civ. P. 71.1(h). Rule 71 does include two exceptions to the general rule, neither of which apply in this case. In some instances, federal law requires that a specially constituted tribunal determine just compensation. Fed. R. Civ. P. 71.1.(h)(1)(A). In all other cases, a party may demand that a jury decide the just compensation for the taking but only if the party makes its jury demand within the time to answer or within any additional time the court sets. Fed. R. Civ. P. 71.1(h)(1)(B).

[14] *Transwestern Pipeline Co., LLC v. 46.78 Acres of Permanent Easement*, 473 F. App'x 778, 779 (9th Cir. 2012) ("Summary judgment is appropriate in a condemnation case where there is no disputed issue of material fact."); *United States v. 16,200 Sq. Ft., More or Less of Land*, 791 F.2d 935, at *1 (6th Cir. 1986) (unpublished table decision) (finding no error in district court's grant of summary judgment on the issue of just compensation where motion was unopposed).

[15] *Millennium Pipeline Co., LLC v. Certain Permanent & Temporary Easements, Etc.*, — F. Supp. 2d —, 2013 WL 310403, at *5 (W.D. NY Jan. 25, 2013); *Midwestern Gas Transmission Co. v. 2.23 Acres in Trousdale Cnty.*, No. 3:06-0253, 2009 WL 3048387, at * 2 (M.D. Tenn. Sept. 17, 2009) (granting summary judgment on the issue of just compensation for a taking where the non-moving party did not contest the appraisal prepared by a licensed real estate appraiser).

[16] The hypothetical conditions are as follows: the property is not landlocked and is a legally buildable lot and that certain deed restrictions about the use of the property do not apply.

Plaintiff argues that the appraisal shows that $5,000 is just compensation for the property taken by the TVA. No Defendant has challenged Johnstone's appraisal. Plaintiff provided proper notice of its Motion for Summary Judgment, including Johnstone's appraisal, to all Defendants.[17] No party claiming an interest in the 1.31 acres at issue here has responded in opposition to Plaintiff's Rule 56 Motion or shown that a genuine issue of material fact exists as to the amount of just compensation for the property. The Court concludes then that Plaintiff is entitled to summary judgment on the question of whether just compensation for the 1.31 acres is $5,000. Therefore, Plaintiff's Motion is **GRANTED** on this issue.

Plaintiff has also requested that the Court enter an order directing Defendants to submit briefs in support of their claims to the compensation and determine the priority of the claims based on the submissions by the Defendants. While conceding that it has no "advocacy position" on the issue, Plaintiff points out that "[t]here is a strong likelihood that any just compensation awarded (whether by summary judgment or otherwise) in this action will be significantly less than the amount owed on the encumbrances and liens which may be asserted by Defendants . . . ."[18] Under the circumstances Plaintiff argues that the Court should order "any Defendant who claims an interest in any just compensation awarded to submit the specific interest claimed thereto (including the basis, amount, and priority thereof)."[19] The Court finds Plaintiff's Motion to be well taken.

---

Pl.'s Mot. for Summ. J., ex. 1, Johnstone Decl., Appraisal Report 8 (D.E. # 24-4).

[17] Plaintiff served its Motion electronically on CM-ECF participants (D.E. # 25) and by means of U.S. mail on all other parties (D.E. # 26).

[18] Pl.'s Mot. for Summ. J. 8.

[19] *Id.* at 9.

Having now held that the just compensation for the taking is $5,000, any Defendant who claims an interest in the just compensation award must submit a brief to the Court in support of its claim.[20] Each Defendant's brief should include citations to relevant legal authority and establish the basis for the Defendant's claim to the just compensation, the amount of its claim, and the priority of its claim. Upon entry of this Order, Plaintiff is ordered to serve a copy of the Order on all non-ECF participating Defendants. Each Defendant's brief is due within twenty-eight (28) days of service of the Order.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: May 23, 2013.

---

[20] In its response to Plaintiff's Motion for Summary Judgment, the IRS explained the basis for its claim, a tax lien in the amount of $15,641.07 for taxes owed by Jerome Williams & Sons, the record landowners of the 1.31 acres taken. Def. IRS's Resp. to Pl.'s Mot. 1-2 (D.E. # 27). The IRS asserted that "[i]n the absence of proof of any superior lien on the property condemned by the Plaintiff, the [IRS] is entitled to all of the condemnation proceeds as established by the Court." *Id.* at 2. Likewise, Defendant Bank of Ripley has filed an answer in which it asserts that its liens have priority. Def.'s Answer (D.E. # 28). However, neither the IRS nor Bank of Ripley have cited any legal authority to support the priority of its claim on the funds. Defendant Tennessee Department of Revenue has simply stated that it does not oppose the entry of an order requiring the Defendants to brief the issues. Def. Tenn. Dept. of Revenue's Resp 1 (D.E. # 31).